UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIK W. NICHOLSON, | CASE NO.   4:08CV2410 |
| Plaintiff, | |
| | JUDGE PETER C. ECONOMUS |
| v. | Magistrate Judge George J. Limbert |
| CATHOLIC HEALTH PARTNERS, et al., | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Defendants. | |

The instant case is before the Court upon motions filed by Defendants Catholic Health Partners and St. Elizabeth's Health Center (Defendants CHP and St. Elizabeth) and Defendant Heath Dorion (Defendant Dorion)(collectively Defendants) to dismiss Plaintiff Erik W. Nicholson's (Plaintiff) complaint against them.  ECF Dkt. #s 3, 9.  Plaintiff has filed responses to the motions to dismiss.  ECF Dkt. #s 5, 10.  For the following reasons, the undersigned recommends that the Court grant Defendants' motions and dismiss Plaintiff's complaint against them in its entirety without prejudice.  ECF Dkt. #s 1, 3, 9.

## I.      FACTUAL AND PROCEDURAL HISTORY

On October 10, 2008, Plaintiff, pro se, filed a complaint in this Court pursuant to 28 U.S.C. § 1332 alleging that he was in the trauma unit of Defendant St. Elizabeth when Defendant Dorion, the attending physician, failed to diagnose or treat him for an "obvious injury" to his right eye.  ECF Dkt. #1 at 2.  Plaintiff avers that he now has a ninety-percent permanent loss of vision in his right eye.  *Id*. at 3.  Plaintiff requests money damages against Defendants CHP and St. Elizabeth "for negligence in Medicine and promoting Medical Malpractice" and he requests money damages against Defendant Dorion for his "failure to diagnose and treat" his "obvious eye injury."  *Id.*  He also seeks punitive damages.  *Id.*

On November 20, 2008, Defendant Dorion filed the instant motion to dismiss, asserting that the Court should dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because he failed to file an affidavit of merit with his complaint as Ohio law requires. ECF Dkt. #3. On December 2, 2008, Plaintiff filed a letter addressed to Judge Economus as a response to this motion. ECF Dkt. #5. On January 13, 2009, Defendants CHP and St. Elizabeth filed their motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) for the same reasons described by Defendant Dorion in his motion to dismiss. ECF Dkt. #9. On January 20, 2009, Plaintiff filed a response to this motion to dismiss. ECF Dkt. #10.

**II.      MOTIONS TO DISMISS**

**A.      STANDARD OF REVIEW**

In evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and draw reasonable inferences in his favor. *Directv*, *Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, this Court should not accept conclusions of law or unwarranted inferences which are presented in the form of factual allegations. *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir.2000).

In order to survive a motion to dismiss, a complaint must contain the grounds which entitle the plaintiff to relief, which requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).

Further, the Court holds pro se complaints to a less stringent standard than pleadings that lawyers have drafted. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). However, few courts have been willing to abrogate basic pleading essentials in *pro se* suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). For example, the duty to be less stringent with *pro se* complaints does not require a court to conjure up unplead allegations. *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.

1983), *cert. denied* 464 U.S. 986 (1983); *see also McDonald v. Hall*, 610 F.2d (1st Cir. 1979) (same).

**B.     ANALYSIS**

In their motions to dismiss, Defendants assert that the Court should dismiss this case under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff failed to attach an affidavit of merit that is required of plaintiffs who file complaints alleging medical malpractice under Ohio law. ECF Dkt. #s 3, 9.

Rule 10(D)(2)(a) of the Ohio Rules of Civil Procedure provides that a plaintiff who files a medical claim must include with his complaint an affidavit of merit relative to each defendant "for whom expert testimony is necessary to establish liability." Ohio R. Civ. P. 10(D)(2)(a). The Rule further outlines the requirements of the affidavit, including the statements that must be contained therein and the expert witness who must provide the affidavit. *Id*. The Federal Rules of Civil Procedure do not require such an affidavit of merit.

In determining whether to apply Ohio law or federal law to the instant claims, the undersigned must follow the doctrine enunciated by the United States Supreme Court in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), where the Court held that federal courts must apply state substantive law and federal procedural law when sitting in diversity or in pendent jurisdiction cases. The Supreme Court has held that the *Erie* principles apply to state law claims in the same manner in pendent jurisdiction cases as they do in diversity jurisdiction cases. *Felder v. Casey*, 487 U.S. 131, 151, 108 S.Ct. 2302, 2313, 101 L.Ed.2d 123, 146 (1988). Under *Erie,* if Rule 10(D)(2)(a) of the Ohio Rules of Civil Procedure is considered substantive law, Ohio law applies; however, if that Rule is considered procedural, then federal procedural rules apply. In determining whether a rule of law is substantive or procedural, the Supreme Court explained in *Hanna v. Plumer* that:

> 'The question is not whether a statute of limitations is deemed a matter of "procedure" in some sence. The question is * * * does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court?'

-3-

380 U.S. 460, 466, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), quoting *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).  Thus, the proper test to employ is an outcome-determinative test.  That is, the outcome of the litigation with the rule of law would be substantially the same in federal court as it would be in state court.  *Id*.  This test must be applied with consideration of the two aims of the *Erie* doctrine: the discouragement of forum shopping and the avoidance of equitable administration of the law.  *Keeton v. Mansfield Obstetrics & Gynecology Assocs., Inc.*, No. C80-1573A, 1981 WL 36207, at *2 (N.D. Ohio Mar. 5, 1981), citing *Hanna*, 380 U.S. at 468.

Defendants assert that Rule 10(D)(2)(a) is substantive and thus Ohio law applies, rendering Plaintiff's state medical claims against them ripe for dismissal for failure to state a claim because he failed to attach the affidavit of merit required by Rule 10(D)(2)(a).  ECF Dkt. #3, 9.  The undersigned recommends that the Court find that the Ohio Rule is indeed substantive and Ohio law thus applies.

Defendants point the undersigned to no case finding that Rule 10(D)(2)(a) of the Ohio Rules of Civil Procedure is characterized as substantive or procedural, and the undersigned was unable to locate such a case.  However, many federal courts in other jurisdictions have considered state rules and statutes requiring similar affidavits of merit to be substantive for *Erie* purposes.  Defendant Dorion cites the Court to numerous cases where other federal courts have determined that similar state affidavit of merit requirements were substantive and thus binding upon the federal courts.  ECF Dkt. #3 at 2-4, citing *Stroud v. Abington Mem'l Hosp*., 546 F.Supp.2d 238, 248 (E.D. Pa. 2008); *Henderson v. Pollack*, No. 1:CV–07-1365, 2008 WL 282372 (M.D. Pa. Jan. 31, 2008); *Chapman v. Chandra*, NO. 06-CV-0651-MJR, 2007 WL 1655799 (S.D. Ill., June 5, 2007); *Iwanejko v. Cohen and Grigsby, PC.*, No. 2:03-CV-1855, 2005 WL 3234327 (W.D. Pa. Nov. 30, 2005); *Velazquez*, 328 F.Supp.2d 549; *Chamberlain*, 210 F.3d 154.

For example, in *Abdulhay v. Bethlehem Medical Arts*, *L.P*., the United States District Court for the Eastern District of Pennsylvania found that Pennsylvania Rule of Civil Procedure 1042.3, which required an affidavit of merit to be filed within sixty days after the filing of a

-4-

complaint in a professional negligence action, was substantive law for *Erie* purposes.  No. CIV.A. 03-CV-04347, 2005 WL 2416012 (E.D. Pa. Sept. 28, 2005), unpublished.  In finding the rule to be substantive, that court cited numerous cases within its district which had found the same.  *Id*., citing *Scaramuzza v. Sciolla*, 345 F.Supp.2d 508 (E.D. Pa.2004); *Velazguez v. UPMC Bedford Memorial Hospital*, 328 F.Supp.2d 549 (W.D.Pa.2004), reversed in part on reconsideration, 338 F.Supp.2d 609 (2004); *Rodriguez v. Smith*, No. Civ.A. 03-3675, 2005 U.S. Dist. LEXIS 12237 (E.D. Pa. June 21, 2005); *Hartman v. Low Security Correctional Institution Allenwood*, No. Civ.A. 04-0209, 2005 WL 1259950 (M.D.Pa. May 27, 2005); and *Schwalm v. Allstate Boiler & Construction, Inc.*, No. Civ.A. 04-593, 2005 U.S. Dist. LEXIS 12422 (M.D.Pa. May 17, 2005).  The *Abdulhay* Court cited a case in which the Third Circuit Court of Appeals found that a New Jersey statute requiring the filing of an affidavit in a professional malpractice case was substantive state law.  *Abdulhay*, 2005 WL 2416012, at 4, citing *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3rd Cir. 2000).

In C*hamberlain*, the Third Circuit created a three-part test to determine whether a state law was substantive or procedural for *Erie* purposes.  210 F.3d at 158.  The *Chamberlain* test was based upon United States Supreme Court cases and other cases relating to the *Erie Doctrine*, including *Hanna v. Plumer* and *Byrd v. Blue Ridge Rural Electric Cooperative, Inc*., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed. 953 (1958).  The test requires that the court first determine whether "a Federal Rule directly 'collides' with the state law it is being urged to apply." *Chamberlain*, 210 F.3d at 159, quoting *Hanna*, 380 U.S. at 470-474.  In order to determine whether such a collision exists, this Court must determine "whether the scope of the Federal Rule is 'sufficiently broad to control the issue before the Court,' *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), 'thereby leaving no room for the operation of [the state] law,' *Burlington Northern R.R. Co. v. Woods*, 480 U.S. 1, 4-5, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987)." *Chamberlain*, 210 F.3d at 159.  If a direct conflict exists, the court must apply the Federal Rule if it is constitutional and within the Rules Enabling Act.  *Chamberlain*, 210 F.3d at 159, citing *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 n. 7, 116 S.Ct. 2211, 135

L.Ed.2d 659 (1996). If no direct conflict exists, the Court applies the *Erie* rule in order to decide if the state law should apply.

The second part of the *Chamberlain* test requires the Court to determine if the state law is outcome-determinative and to determine whether failure to apply it would frustrate the twin aims of the *Erie* Rule: the discouragement of forum shopping and the inequitable administration of the law. *Abdulhay*, 2005 WL 2416012, at *5.

The third part of the test requires the Court to consider whether any countervailing federal interests prevent the state law from being applied in federal court. *Abdulhay*, 2005 WL 2416012, at *5, citing *Chamberlain*, 210 F.3d at 159-161.

In this case, Plaintiff asserts that the Ohio Rule is procedural, stating that the language used in the Rule itself clearly has a jurisdictional component and it is simply a procedural requirement to reduce the number of unsubstantiated medical malpractice claims. ECF Dkt. #10 at 2. However, upon review of the cases cited by Defendant Dorion, and the reasoning outlined in *Abdulhay* and *Chamberlain*, the undersigned recommends that the Court find that Rule 10(D)(2)(a) of the Ohio Rules of Civil Procedure is substantive under the *Erie* Rule and should apply to federal diversity cases.

The Ohio affidavit of merit rule is similar to those state rules and statutes found to be substantive in other jurisdictions. The Ohio rule does not conflict with any federal civil rule of procedure, as explained in *Chamberlain* with regard to a New Jersey statute requiring a similar affidavit of merit, because the purpose of the Ohio rule is "not to give notice of the plaintiff's claim, but rather to assure that malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings." *Chamberlain,* 210 F.3d at 160; *see also Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 897 N.E.2d 147, 149 (2008)("[c]learly the purpose behind the rule is to deter the filing of frivolous medical-malpractice claims.").

In addition, the Ohio Rule is outcome-determinative and failure to apply it to federal diversity cases would frustrate the twin aims of the *Erie* doctrine. The Ohio Supreme Court has stated that the rule places a heightened pleading requirement on parties bringing medical claims

-6-

and this goes directly to the sufficiency of the complaint. However, the rule does not seek to merely apply a procedural rule, but rather, it seeks to accomplish an important policy consideration of deterring the filing of frivolous medical malpractice claims. *Chamberlain*, 210 F.3d at 161; *Fletcher*, 897 N.E.2d at 149, 170. As stated by the Third Circuit in *Chamberlain*:

> By requiring dismissal for failure to adhere to the statute, the New Jersey legislature clearly intended to influence substantive outcomes. It sought early dismissal of meritless lawsuits, not merely to apply a new procedural rule. Clearly, failure to apply the statute in a federal diversity case where no affidavit of merit has been filed would produce a different outcome than that mandated in a state proceeding.

210 F.3d at 161. The same rationale applies to the Ohio rule in light of the Ohio Supreme Court's finding in *Fletcher* that the purpose behind the rule is to deter the filing of frivolous medical malpractice claims. *Fletcher*, 897 N.E.2d at 149, 170.

Moreover, if federal courts siting in diversity did not apply this rule and Ohio courts did apply the rule, it would produce different outcomes which would encourage forum shopping and result in inequitable administration of the law because it would allow plaintiffs who would otherwise face dismissal in Ohio courts to file the claim without an affidavit of merit in federal court and proceed through discovery in federal court.

Finally, no countervailing interests prevent the rule from being applied in federal court. The Federal Rules of Civil Procedure still retain their integrity by the application of the affidavit of merit requirement of Ohio Rule 10(D)(2)(b). *See Chamberlain*, 210 F.3d at 161.

For these reasons, the undersigned recommends that the Court find that Rule 10(D)(2)(b) of the Ohio Rules of Civil Procedure is substantive and thus applies in this federal diversity case. Consequently, in applying Rule 10(D)(2)(a) to the instant case, Plaintiff did not file an affidavit of merit with his complaint as required by the Rule in order to proceed with his state medical malpractice claims against Defendants. In Ohio, the proper remedy is to dismiss the complaint without prejudice. *Fletcher*, 120 Ohio St.3d 167, 897 N.E.2d at 150, 2008-Ohio-5379 (2008); *but see Teasdale v. Heck*, 499 F.Supp.2d 967 (S.D. Ohio 2007)[1].

---

[1] In *Teasdale*, 499 F.Supp.2d at 970, the United States District Court for the Southern District of Ohio relied upon the Ohio Court of Appeals' decision in *Fletcher v. University Hospitals of Cleveland*, No. 88573, 2007 WL 1633427 (Ohio App. 8th Dist. June 7, 2007), which was reversed by the Ohio Supreme Court in *Fletcher*, 897

Since Plaintiff has failed to comply with this Rule by not filing an affidavit of merit with his complaint, the undersigned recommends that the Court GRANT Defendants' motions to dismiss the complaint and dismiss Plaintiff's complaint against them without prejudice. ECF Dkt. #3, 9.

### III. CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the undersigned recommends that the Court GRANT the motions to dismiss filed by Defendants Catholic Health Partners, St. Elizabeth's Health Center, and Dorion and dismiss Plaintiff's complaint against them without prejudice. ECF Dkt. #3, 9.


Dated: February 10, 2009          */s/ George J. Limbert*
                                  GEORGE J. LIMBERT
                                  UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

N.E.2d 147. The undersigned relies upon the Ohio Supreme Court's interpretation of *Fletcher* as the law of the State of Ohio and therefore respectfully disagrees with the analysis in *Teasdale*.